Paul W. HOLMSTRUP; Charles W. Connor; Nancy L. Smith; Roseanne Wright; Donna L. Young; Marilyn M. Davis; Cathy Melinchuk; Rosemary C. Williams; Edward L. Schmehl; Linda Walls; Sue Benckert; Roger Talstien; Plaintiffs,

v.

CONSOLIDATED RAIL CORPORATION, Defendant.

No. 87 C 3816.

United States District Court, N.D. Illinois, E.D.

May 4, 1987.

---

Donna Baffoe McDonald, Richard S. Jalovec & Assoc., Chicago, Ill., for plaintiffs.

Alvin E. Domash, Thomas P. Healy, Lord Bissell & Brook, Chicago, Ill., for defendant.

## MEMORANDUM OPINION
## AND ORDER

ANN CLAIRE WILLIAMS, District Judge.

This matter is before the court on plaintiffs' "Emergency Motion for Temporary Restraining Order and Preliminary Injunction" filed on April 24, 1987. Plaintiffs are individuals employed as clerks by defendant Consolidated Rail Corporation ("Conrail"). Plaintiffs are also members of the Brotherhood of Railway, Airline and Steamship Clerks, Freight Handlers, Express and Station Employees ("BRAC"), but the union is not a party to this lawsuit.

The complaint alleges that plaintiffs are employed in Conrail's Seniority District 26, Philadelphia System General Office. On April 7, 1987, Conrail informed plaintiffs that their positions would be re-posted and they would be replaced on or after April 29, 1987. Plaintiffs argue that under Rule 2 of the collective bargaining agreement between Conrail and BRAC, Conrail cannot re-post these positions so long as plaintiffs hold them. Therefore, plaintiffs argue, Conrail's decision to post these positions is a violation of Rule 2.

Further, plaintiffs say that Conrail has violated Rule 13 of the agreement as well. That Rule provides that an employee who is awarded a position in a different seniority district can "dovetail" his old seniority into his new district, so as to maintain his old seniority. Some of the plaintiffs have transferred into different seniority districts, but Conrail has refused to classify them as to their original seniority dates. This refusal, plaintiffs argue, violates Rule 13.

The complaint alleges that the National Railroad Adjustment Board ("NRAB") has exclusive jurisdiction over grievances or disputes which arise out of and concern collective bargaining agreements between railroads and their employees, 45 U.S.C. §§ 152, 156. Plaintiffs have filed a grievance with the NRAB against Conrail.

Nonetheless, plaintiffs ask this court to issue a temporary and permanent injunction restraining Conrail from putting plaintiffs' positions up for bid, and from replacing plaintiffs on or after April 29, 1987, or during the pendency of the NRAB proceedings.[1]

Conrail has filed a motion to dismiss the complaint on the ground that, as this is a "minor" dispute, this court lacks subject matter jurisdiction. Conrail also has filed a motion to change venue, arguing that, all the parties and witnesses are located in Philadelphia, and the only connection between this lawsuit and Chicago is that the NRAB is located here; hence, venue is proper in Philadelphia but not Chicago. The court agrees with Conrail that the suit must be dismissed for lack of subject matter jurisdiction. The venue question therefore need not be addressed.

■ The Railway Labor Act, 45 U.S.C. §§ 151–188 (the "Act") was enacted to promote stability in labor-management relations in the nation's railroad industry. *Union Pacific Railroad Co. v. Sheehan*, 439 U.S. 89, 94, 99 S.Ct. 399, 402, 58 L.Ed.2d 354 (1978). The Act provides mechanisms for resolution of two types of labor disputes: "major" and "minor" disputes. If a dispute is major, a union may strike if, after the statutorily mandated negotiations and mediation process, the parties are unable to resolve their differences. If the dispute is minor, the parties must submit it to the NRAB for arbitration after negotiations fail; the NRAB has exclusive jurisdiction. *Atchison Topeka & Santa Fe v. United Transp. U.*, 734 F.2d 317, 320 (7th Cir.1984).

The terms major and minor do not appear in the Act itself, but were coined by the Supreme Court in *Elgin, Joliet & Eastern Ry. v. Burley*, 325 U.S. 711, 65 S.Ct. 1282, 89 L.Ed. 1886 (1944) to describe the two types of disputes in the Act. The Court has defined the two disputes as follows:

1. Plaintiffs allege that the union, BRAC, has refused to represent them in their grievances before the NRAB so they have hired private counsel; private counsel also represents plaintiffs in the matter before this court.

The first relates to disputes over the formation of collective agreements or efforts to secure them. They arise where there is no such agreement or where it is sought to change the terms of one, and therefore the issue is not whether an existing agreement controls the controversy. They look to the acquisition of rights for the future, not to assertion of rights claimed to have vested in the past.

The second class, however, contemplates the existence of a collective agreement already concluded or, at any rate, a situation in which no effort is made to bring about a formal change in terms or to create a new one. The dispute relates either to the meaning or proper application of a particular provision with reference to a specific situation or to an ommitted case. In the latter event the claim is founded upon some incident of the employment relation, or asserted one, independent of those covered by the collective agreement, e.g., claims on account of personal injuries. In either case, the claim is to rights accrued, not merely to have new ones created for the future.

*Id.* at 723, 65 S.Ct. at 1290.

█ Hence, in order to determine whether a dispute is major or minor, a court must ask whether the conflict can be resolved by reference to an existing agreement. If it can, the dispute is minor unless the carrier's interpretation of the agreement is "frivolous" or "obviously insubstantial." 734 F.2d at 321.

Despite the assertion in their complaint that the NRAB has exclusive jurisdiction over this dispute, and despite plaintiffs' filing of a grievance with the NRAB, plaintiffs contend that the dispute is a major one. To support this argument they cite *Brotherhood of Locomotive Engineers v. Atchison, Topeka and Santa Fe Railway Co.*, 768 F.2d 914 (7th Cir.1985) where the court noted that "a refusal to follow apparently clear contractual language could be a

unilateral modification of the contract, thereby generating a major dispute, or a bold and possibly erroneous interpretation of the contract, thereby generating a minor dispute." *Id.* at 920. Seizing upon this "unilateral modification" language, plaintiffs assert that Rules 2 and 13 are clear and, that by refusing to follow them, Conrail has unilaterally modified the contract, thus making this a major dispute.

In response Conrail says that Rule 2 has already been modified by an agreement between BRAC and Conrail entered on April 3, 1987. Conrail has attached to its motion to dismiss a copy of a letter to Conrail from the General Chairman of BRAC. Conrail asserts that by this letter, the union agreed to allow posting of positions in Seniority District 26 under Rule 2. Therefore, Conrail seems to argue, the April 2nd agreement has modified Rule 2 to allow the posting of plaintiffs' positions, even though those positions are currently filled by plaintiffs. Although Conrail made this same assertion at oral argument on this matter, plaintiffs have not responded to it.

█ The court is not entirely persuaded that the "letter agreement" can fairly be characterized as a modification of the existing collective bargaining agreement. *Westchester Lodge 2186 v. Railway Express Agency Co.*, 329 F.2d 748, 752 (2nd Cir.1964) ("An agreement made pursuant to a specific contract provision, cannot fairly be termed an alternation of the collective agreement"). But this does not matter, for a minor dispute is one which arises out of the interpretation or application of the specific provisions of an existing agreement, and here Rule 2 is such a provision. The court cannot say that Conrail's claim that the letter agreement allows it to post plaintiffs' positions is either "frivolous" or "obviously insubstantial." Thus the court finds that this is a minor dispute which must be submitted to arbitration.[2]

2. Rule 13 is also a specific provision of the existing agreement and therefore the dispute about whether Conrail has violated it is also a minor dispute. Moreover, plaintiffs' complaint seeks an injunction to restrain Conrail from

"replacing, transferring or otherwise demoting" plaintiffs during the course of the NRAB proceedings, and asks no relief as to the Rule 13. Thus whether or not Conrail's alleged violation

As an alternative argument, plaintiffs assert that, even if this is a minor dispute, a district court has jurisdiction in a minor dispute to issue an injunction preserving the status quo until resolution of the NRAB arbitration proceedings. Plaintiffs claim that because the NRAB's arbitration process is "lengthy" plaintiffs will be irreparably harmed if an injunction restraining Conrail from posting the positions is not issued.

■■■ Plaintiffs' argument ignores an important procedural difference between a major dispute and a minor dispute. In a major dispute, the Act imposes upon the parties a duty to refrain from changing the status quo while the Acts' "almost interminable process" is being exhausted. *Airline Flight Attendant v. Texas International Airline, Inc.*, 411 F.Supp. 954, 956 (S.D.Tex.1976) quoting *Detroit & Toledo Shore Line Railroad Co. v. United Transportation Union*, 396 U.S. 142, 149, 90 S.Ct. 294, 298, 24 L.Ed.2d 325 (1969). This duty is enforceable by an injunction issued by a federal court. 411 F.Supp. at 956. However, the Act says nothing about the parties' obligations to maintain the status quo where a minor dispute is involved. As a general rule then, a carrier cannot be ordered to maintain the status quo during the NRAB's arbitration of a minor dispute. 411 F.Supp. at 956; *see, also, Local 553, Transport Workers v. Eastern Air Lines*, 695 F.2d 668, 675 (2d Cir.1982); *Ruby v. TACA International Airlines, S.A.*, 439 F.2d 1359 (5th Cir.1971); and *International Brotherhood of Teamsters v. Pan American World Airways*, 607 F.Supp. 609, 613 (D.C.N.Y.1985).

The cases recognize two exceptions to this rule. One, an injunction may be issued against a carrier when necessary to preserve the NRAB's jurisdiction over a dispute already submitted to it. 411 F.Supp. at 956. Two, a court may condition an injunction restraining the union from striking a carrier upon the carrier's agreement to maintain the status quo. *Id.* at 956–57. Neither of these exceptions applies here.

of that Rule is a major or minor dispute is not

Plaintiffs seem to argue that this case fits into the first exception, for they cite *Westchester Lodge 2186 v. Railway Express Agency*, 329 F.2d 748 (2d Cir.1964), a case in which the court stated that a district court has broad equitable powers to order maintenance of the status quo during the pendency of arbitration of a minor dispute in order to "effectuate the policies and purposes of the Act." *Id.* at 752. In that case, as here, the employees would lose their jobs without the issuance of an injunction.

With all due respect to the Second Circuit, this court disagrees with the broad language used by the court in *Westchester Lodge*. If Congress had intended to protect individual employees from losing their jobs during the pendency of arbitration of a minor dispute, it could have so provided in the Act. But it did not. True, the courts have fashioned an exception not found in the Act—injunctions required to preserve the NRAB's jurisdiction—but in this case an injunction is not required to preserve the ability of the NRAB to give meaningful relief to the employees if they should prevail before the Board. If district courts issued injunctions whenever individual employees were threatened with discharge or lay-off because of a carrier's arguably erroneous interpretation of the collective bargaining agreement, the exception designed ostensibly to preserve the NRAB's jurisdiction would become a broad exception rather than a narrow one, and would constantly embroil the courts in these disputes. The court does not think such an expansion of the district court's interference with the scheme Congress has constructed for resolution of minor disputes is warranted by the kind of harm plaintiffs allege. *Cf. International Brotherhood*, 607 F.Supp. at 613–14 (lost wages do not constitute irreparable harm where the financial injury falls on an easily ascertainable group of employees capable of ultimately being redressed by the NRAB).

In conclusion, the court holds that it lacks subject matter jurisdiction over this

really at issue.

minor dispute. Defendant's motion to dismiss therefore is granted.